**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHERRY HILL CONSTRUCTION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Action No. 1:07-cv-810** |
| v. ) | |
| ) | **Judge Royce C. Lamberth** |
| AMERICAN HOME ASSURANCE CO. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PRAECIPE**

Defendant, American Home Assurance Company ("AHAC"), erroneously filed its Motion to Dismiss Complaint for Failure to State A Claim, Memorandum in Support of Defendant's Motion to Dismiss Complaint for Failure to State A Claim, and proposed Order, without an electronic signature on June 6, 2007. Please substitute the attached documents as AHAC's pleadings in this matter.

Dated: June 7, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Rafael E. Alfonzo
Philip T. Evans, Esq. #441735
Rafael E. Alfonzo, Esq. #478524
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W.
Washington, D.C. 20006-6180
Tel: (202) 955-3000
Fax: (202) 955-5564

# 4594199_v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHERRY HILL CONSTRUCTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE CO.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 1:07-cv-810**<br><br>**Judge Royce C. Lamberth** |

## MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant American Home Assurance Company ("AHAC") respectfully requests this Court dismiss the Complaint under Fed.R.Civ.P.12(b)(6) because Plaintiff Cherry Hill Construction Company ("Cherry Hill") has failed to state a claim upon which relief can be granted. In support of this Motion, AHAC submits an accompanying Memorandum of Point and Authorities.

Dated: June 6, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Rafael E. Alfonzo

Philip T. Evans, Esq. #441735
Rafael E. Alfonzo, Esq. #478524
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W.
Washington, D.C. 20006-6180
Tel: (202) 955-3000
Fax: (202) 955-5564

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served this 7th day of June, 2007 by first-class mail, postage prepaid, on:

Joseph C. Kovars, Esq.
Jay N. Bernstein, Esq.
Ober, Kaler, Grimes & Shriver
120 E. Baltimore Street
Baltimore, MD 21202-1643

/s/ Rafael E. Alfonzo
Rafael E. Alfonzo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHERRY HILL CONSTRUCTION, INC. )
Plaintiff, )
v. ) **Civil Action No. 1:07-cv-810**
) **Judge Royce C. Lamberth**
AMERICAN HOME ASSURANCE CO. )
Defendant. )

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant American Home Assurance Company ("AHAC") respectfully requests this Court dismiss the Complaint under Fed.R.Civ.P. 12(b)(6) ("Rule 12 (b)(6)").

**SUMMARY OF ARGUMENT**

Plaintiff Cherry Hill Construction, Inc.'s ("Cherry Hill") claim against the Payment Bond that AHAC issued in favor of China Construction America, Inc., ("CCA") is not ripe because AHAC's obligation, as a surety, to pay Cherry Hill arises only after CCA's obligation to pay Cherry Hill is established. Under the subcontract between Cherry Hill and CCA ("Subcontract") which creates the payment obligation at issue in this case, any dispute between the parties to the Subcontract must be resolved at mediation or, failing that, arbitration before any action at law or equity can be brought. Thus, Cherry Hill is contractually bound to undertake meditation or arbitration to resolve the question of whether CCA currently owes Cherry Hill a payment under the Subcontract. Only if Cherry Hill can establish at mediation or arbitration that CCA has a payment obligation can Cherry Hill then pursue a claim against the Payment Bond in this Court.[1]

[1] Cherry Hill did not name CCA as a defendant in this action. Should this case proceed, CCA will need to be joined as an indispensable party in accordance with Fed.R.Civ.P 19.

By suing only AHAC in this case, Cherry Hill attempts to circumvent its contractual obligations to CCA regarding alternate dispute resolution. But, Cherry Hill's suit against AHAC is premature and fails to state a claim because Cherry Hill cannot properly allege that CCA currently owes Cherry Hill the sum demanded.

**BACKGROUND**

AHAC issued a Payment Bond to CCA in order to insure the payment of CCA's subcontractors on a construction project for the Embassy of The People's Republic of China ("Embassy Project"). *See* Payment Bond attached as Complaint Exhibit 1. CCA subcontracted Cherry Hill to provide over $10 million in excavation and other services on the Embassy Project. *See* Complaint ¶ 7 and § 10.1 of the Subcontract between CCA and Cherry Hill attached as Complaint Exhibit 2 ("Subcontract"). Cherry Hill claims it has completed its "work in accordance with the terms and provisions of the Subcontract," but that CCA has failed to pay an outstanding balance of $547,123.60, plus interest. (Complaint ¶¶ 11, 15). Cherry Hill claims that this balance is "due and owing," and has sued AHAC as the CCA's surety to recover that sum under the Payment Bond. (Complaint ¶ 18).

The Subcontract, however, requires Cherry Hill to mediate, and if necessary, arbitrate with CCA any disputes, including payment disputes, prior to initiating legal or equitable action. (*See* Subcontract § 6.1.1). Indeed, the Subcontract even makes mediation a condition precedent to arbitration. *Id.* Cherry Hill has not alleged that it has participated in mediation or arbitration with CCA to resolve the payment dispute over the alleged outstanding balance, much less that there has been a determination of CCA's payment obligation in such a forum.

Notably, the Subcontract allows CCA to withhold between 5% and 10% of the Subcontract price – or between $526,896.30 and $1,053,792.60 – as retainage, including after

substantial completion of Cherry Hill's work. (*See* Subcontract, § 15.3). Additionally, the Subcontract only requires CCA to remit the final payment when Cherry Hill's "[w]ork is fully performed in accordance with the requirements of the Subcontract Documents." (Subcontract, § 12.1).

**ARGUMENT**

This case should be dismissed under Rule 12(b)(6) because Cherry Hill cannot allege the facts necessary to maintain a claim against the Payment Bond issued by AHAC. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and, therefore, the court must treat factual allegations as true and draw all reasonable inferences in a plaintiff's favor. *See In re U.S. Office Products Securities Litigation*, 326 F.Supp.2d 68, 73-74 (D.D.C. 2004). The Court, however, "need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Id.* If, upon reviewing the complaint and exhibits, the Court determines that, as a matter of law, the complaint does not allege sufficient facts to support a cognizable legal theory, then dismissal is proper. *See Systems Council EM-3 v. AT&T Corp.*, 159 F.3d 1376 (D.C. Cir. 1998).

In order to recover against AHAC's Payment Bond, Cherry Hill must allege and prove that CCA has a current obligation to pay Cherry Hill under the Subcontract. *See In re M & T Elec. Contractors, Inc.*, 267 B.R. 434, 446 (Bkrtcy.D.Dist.Col. 2001) (holding that the surety's principal is the principal obligor liable to the obligee, with the surety obligated to pay only when the obligor fails timely to pay the obligee). The terms of the Subcontract in turn govern whether CCA actually has such a payment obligation. The Subcontract, however, requires that any dispute – including presumably a payment dispute – between the Cherry Hill and CCA must be resolved at mediation or, failing that, arbitration before any action at law or equity can be

brought. (*See* Subcontract § 6.1.1). Because courts strongly favor enforcement of alternate dispute resolutions clauses, a mediation or arbitral determination of whether CCA owes Cherry Hill the payment it demands is a threshold matter that must be resolved before Cherry Hill can seek to enforce the Payment Bond in this Court. *See, e.g., Bryson v. Gere,* 268 F.Supp.2d 46, 51 (D.D.C.2003) *citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).[2]

In its Complaint, Cherry Hill alleges that there is a balance of $547,123.60 remaining on its Subcontract and that it has a dispute with CCA over payment of that balance. (Complaint ¶¶ 11, 15). Cherry Hill further alleges that the payment it demands from AHAC under the Payment Bond is "due and owing" by CCA. *Id.* Cherry Hill, however, does not (and cannot) allege that there has been a mediation or arbitral decision establishing that the sum it demands is actually "due and owing."

Instead, Cherry Hill intends to litigate in this Court whether CCA is actually obligated to make the payment that Cherry Hill demands under the Subcontract. Cherry Hill's claim against the Payment Bond is blatant attempt to circumvent its contractual obligations to mediate or arbitrate payment disputes with CCA. But, the Court should not countenance such efforts. The mediation or arbitration to which Cherry Hill and CCA bound themselves in the Subcontract is the proper forum for those parties to resolve such questions as: 1) whether Cherry Hill has in fact fulfilled all its contractual obligations as required under § 12.1 of the Subcontract, 2) whether the payment Cherry Hill demands may have been properly withheld as retainage under

---

[2] Significantly, this policy in favor of arbitration has been interpreted to impute a presumption that arbitration will be binding. *See Bryson v. Gere,* 268 F.Supp.2d at 51 *citing McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 985 (5th Cir.1995) ("We think that the 'federal policy favoring arbitration' covers more than simply the substantive scope of the arbitration clause ... and encompasses an expectation that such procedures will be binding." (citations omitted)).

§ 15.3 of the Subcontract, and 3) whether the sum demanded by Cherry Hill is subject to any offsets or deductions.

If Cherry Hill is able to establish at mediation or arbitration that CCA is obligated to pay a sum that Cherry Hill demands, then Cherry Hill can allege that determination as part of a claim in this Court against the Payment Bond. In the interim, Cherry Hill cannot maintain an action against AHAC's Payment Bond in this Court.

For the foregoing reasons, AHAC respectfully requests that Cherry Hill's Complaint be dismissed. In the alternative, AHAC requests that this Court stay this case pending a determination of CCA's payment obligations under the alternate dispute resolution provisions of the underlying Subcontract.

Dated: June 6, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Rafael E. Alfonzo

Philip T. Evans, Esq. #441735
Rafael E. Alfonzo, Esq. #478524
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W.
Washington, D.C. 20006-6180
Tel: (202) 955-3000
Fax: (202) 955-5564

# 4589002_v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHERRY HILL CONSTRUCTION, INC. )
)
Plaintiff, )
)
v. )
)
AMERICAN HOME ASSURANCE CO. )
)
Defendant. )
)

**Civil Action No. 1:07-cv-810**

**Judge Royce C. Lamberth**

**LCvR 7.1 CERTIFICATE**

I, the undersigned, counsel of record for American Home Assurance Company ("AHAC"), certify that the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of AHAC that have any outstanding securities in the hands of the public:

American International Group, Inc., (AIG)

The representations are made in order that judges of this Court may determine the need for recusal.

Dated: June 6, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Rafael E. Alfonzo

Philip T. Evans, Esq. #441735
Rafael E. Alfonzo, Esq. #478524
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W.
Washington, D.C. 20006-6180
Tel: (202) 955-3000
Fax: (202) 955-5564

# 4590283_v1