IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \*

**CHERRY HILL CONSTRUCTION, INC.** \*

    **Plaintiff**    \*     Civil Action No. 1:07-cv-810

    **v.**    \*

**AMERICAN HOME ASSURANCE CO.** \*

    **Defendant.**    \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
<u>COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

Pursuant to Local Civil Rule 7(b) of the Rules of the United States District Court for the District of Columbia, Plaintiff, Cherry Hill Construction, Inc. ("Cherry Hill") submits the following response to the motion filed by Defendant, American Home Assurance Co. ("AHAC") to dismiss the complaint for failure to state a claim, or in the alternative, for a stay of proceedings.

Cherry Hill was a subcontractor to China Construction American, Inc. ("China Construction"), which in turn was retained by the Embassy of the People's Republic of China (the "Owner") to construct a project known as Embassy of the People's Republic of China in the U.S.A., Chancery Building, located in Washington, D.C. China Construction has failed to pay Cherry Hill's outstanding contract balance of $547,123.60, as a result of which an action was filed by Cherry Hill against the payment bond surety, AHAC. The bond obligates AHAC to pay subcontractors of China Construction for amounts due and owing but unpaid by China Construction.

In its motion, AHAC alleges that Cherry Hill's claim is not ripe, and should be dismissed, because AHAC's liability to Cherry Hill arises only after China Construction's obligation to pay Cherry Hill has been established. Since the subcontract between Cherry Hill and China Construction requires the mediation and arbitration of disputes, AHAC argues that the mediation/arbitration process must be initiated by Cherry Hill, and fully concluded, before Cherry Hill can directly pursue a claim against AHAC based upon the payment bond.

AHAC's argument is contrary to, and would render meaningless, paragraph 1 of the payment bond issued by AHAC. That paragraph states that the contractor, China Construction, and the surety, AHAC, "jointly and severally" bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the contract between China Construction and the Owner. As a joint and several liability contract, the payment bond is subject to D.C. Code, 2001 Ed. Section 16-2105, which provides as follows:

> In actions ex contractu against alleged joint debtors it is not necessary for the plaintiff to prove their joint liability as alleged in order to maintain his action. He is entitled to recover, as in actions ex delicto, against such of the defendants as are shown by the evidence to be jointly indebted to him, or against one only, if he alone is shown to be indebted to him and judgment shall be rendered as if the others had not been joined in the action.

This provision mirrors the common law principle that in the case of a joint and several obligation, the plaintiff may sue each obligor separately, and obtain a judgment against said obligor. See, Williston on Contracts, Volume 12, Section 36:31. Moreover, "a(n) almost unbroken line of federal decisions holds that persons whose liability is joint and several may be sued separately in federal court." Park v. Didden, 695 F.2d 626, 631 (D.C. Cir. 1982). Thus, Cherry Hill's action against AHAC alone is proper, and need not await adjudication of China Construction's liability to Cherry Hill.

2

AHAC's argument that Cherry Hill must arbitrate with China Construction before bringing an action against the surety is also contrary to paragraph 11 of the payment bond. Paragraph 11 provides as follows:

> No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

The position taken by AHAC contradicts paragraph 11 in two respects. First, the condition precedent of a claimant resolving its dispute directly with the general contractor prior to pursuing its claim against the surety is nowhere stated in paragraph 11. Instead, and by its clear and express the term, paragraph 11 of the bond authorizes Cherry Hill to litigate its disputes directly with the surety, provided only that the litigation is commenced within the specified time periods. Second, adopting AHAC's position would leave claimants with no legal remedy against the surety since in many cases, the time it would take to arbitrate or otherwise resolve the claim with the general contractor would exceed the one year limitation period established in paragraph 11 for commencement of actions against the surety. For all of these reasons, the court should reject AHAC's attempt to impose upon Cherry Hill the additional, and entirely novel condition, of arbitrating with China Construction prior to suing AHAC.[1]

The fact of the matter is that if AHAC intended for the ability of Cherry Hill or any other claimant to file suit against the surety to be conditioned upon exhaustion of the disputes

---

[1] Cherry Hill's reading of the bond to permit an independent action against the surety is in accordance with the widely-accepted concept that given their remedial nature, payment bonds should be liberally interpreted in favor of unpaid subcontractors and suppliers. See, Re M&T Electric Contractors, Inc., 267 B.R. 434, 446 (D.D.C. 2001).

resolution process set forth in the subcontract with China Construction, it could – and should have -- so stated.  The courts in the District of Columbia have long recognized that "for its protection, the surety is free to impose conditions on its liability so long as they are reasonable." United States Plywood Corporation v. Continental Casualty Company, 157 A.2d 286, 289 (D.C. 1960).   Having failed to impose, as a condition to commencing litigation against the surety, a requirement that a subcontractor-claimant resolve its dispute with the general contractor as per the process mandated by the subcontract, AHAC cannot now be heard to complain.

AHAC's motion is beset by the following faulty logic: (1) to recover on the payment bond, Cherry Hill must prove that China Construction owes money to Cherry Hill under the subcontract; (2) the subcontract requires disputes between China Construction and Cherry Hill to be mediated/arbitrated; (3) ergo, a mediation or arbitral determination of whether China Construction owes payment to Cherry Hill is "a threshold matter" that must be resolved before Cherry Hill can file suit against the surety on the payment bond.  This argument ignores AHAC's joint and several liability under the bond, which confers upon Cherry Hill a cause of action against the surety, independent of China Construction, for monies due and owing by China Construction. This independent cause of action means that Cherry Hill need not seek relief from China Construction via the disputes resolution processes of the subcontract, but is empowered – as it had done in this case – to file a direct action against the surety, and in that direct action, make its case that AHAC breached the bond by failing to pay Cherry Hill for labor, materials or equipment furnished to China Construction for use in the performance of its contract with the Owner.

In its motion, AHAC cites various cases for the propositions that courts strongly favor enforcement of alternate dispute resolution clauses, and that imputed to the policy in favor of arbitration is the presumption that arbitration will be binding (AHAC Motion, page 4).

However, given that arbitration is predicated upon consent of the parties to a dispute, Bailey v. National Mortgage Association, 209 F.3d 740 (D.C. Cir. 2000), these principles apply only if a valid agreement to arbitrate exists. Masurovsky v. Green, 687 A.2d 198 (D.C. 1996). While Cherry Hill consented to arbitrate with China Construction, there is no such arbitration agreement between Cherry Hill and AHAC. Quite the contrary, the terms of the payment bond clearly envision that disputes under the bond will be litigated in the courts, thereby rendering moot AHAC's references to case law enforcing arbitration clauses.

The alternative relief sought by AHAC, i.e., that the Court "stay this case pending a determination of CCA's payment obligations under the alternate dispute resolution provisions of the underlying Subcontract" (AHAC Motion, page 5), is also improper.[2] Under the Federal Arbitration Act, the Court is required to stay litigation pending arbitration in the following limited circumstances:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing that the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. Section 3.

This provision assumes, and cases have held, that "the movant for a stay, in order to be entitled to stay under the arbitration act, must be a party to the agreement to arbitrate, as must be the person sought to be stayed." IDS Life Insurance Company v. SunAmerica, Inc., 103 F.3d 524, 529 (7th Cir. 1996). Here, the party moving for the stay, AHAC, is not a party to the

---

[2] The "alternative relief" of a stay is the only relief available to AHAC should it prevail on its Motion. Federal District Courts for the District of Columbia have ruled that per the Federal Arbitration Act, a court must stay – and not dismiss – a suit involving an issue referable to arbitration. See, Unistrut Space Frame Systems v. Atlantic Plate & Window Glass Co., 16 F. Supp. 2d 1, 5, footnote 5 (D.D.C. 1996); Piltch v. Merrill Lynch, 714 F. Supp. 537, 538 (D.D.C. 1989). District of Columbia Courts interpreting the D.C. Uniform Arbitration Act have reached the same conclusion. See, Judith v. Graphic Communications International Union, 727 A.2d 890 (D.C. 1999); Hercules & Company v. Beltway Carpet Service, 592 A2d 1069 (D.C. 1991).

5

agreement to arbitrate, which is between Cherry Hill and China Construction. As a result, AHAC has no right under the Federal Arbitration Act to a stay of proceedings. A discretionary stay is also improper given that no arbitration proceeding is currently pending between Cherry Hill and China Construction.

AHAC characterizes Cherry Hill's claim against the payment bond as a "blatant attempt to circumvent its contractual obligations to mediate or arbitrate payment disputes with CCA" (AHAC Motion, page 4). More accurately, AHAC's motion is a blatant attempt to deprive Cherry Hill of the right unequivocally conferred to it by the terms of the bond drafted by AHAC, to litigate its payment bond claim against the surety, and should be rejected by this Court.

WHEREFORE, Cherry Hill Construction, Inc. prays that the Court deny AHAC's Motion to Dismiss the Complaint, and deny the alternate relief sought by AHAC of staying these proceedings.

CHERRY HILL CONSTRUCTION, INC.

Dated: June 15, 2007                By:**/s/ Joseph C. Kovars**
                                    Joseph C. Kovars (D.C. Bar No. 253211)
                                    Jay Bernstein
                                    Ober, Kaler, Grimes & Shriver
                                    A Professional Corporation
                                    120 E. Baltimore Street
                                    Baltimore, MD 21202-1643
                                    (410) 685-1120 (telephone)
                                    (410) 547-0699 (facsimile)

#1909143

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \*

**CHERRY HILL CONSTRUCTION, INC.** \*

    **Plaintiff**      \*      Civil Action No. 1:07-cv-810

    v.      \*

**AMERICAN HOME ASSURANCE CO.** \*

    **Defendant.**      \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER DENYING MOTION OF AMERICAN HOME ASSURANCE COMPANY TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

The Court having considered Defendant American Home Assurance Co.'s Motion to Dismiss Complaint for Failure to State a Claim and Memorandum in Support thereto, and Plaintiff Cherry Hill Construction, Inc.'s Memorandum of Points and Authorities in Opposition to Defendant's Motion, it is this _____ day of _____, 2007

**ORDERED** that the Motion to Dismiss is **DENIED**.

                                                         Royce C. Lamberth
                                                         U.S. District Court Judge

Copies to:

Philip T. Evans, Esq,
Rafael E. Alfonzo
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006

Joseph C. Kovars, Esq.
Jay N. Bernstein, Esq.
Ober Kaler Grimes & Shriver
120 E. Baltimore Street
Baltimore, Maryland 21202-1643

1909891.v1