UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERRY HILL CONSTRUCTION, INC.　) <br> ) <br> 　　　Plaintiff,　　　　　　　　　　) <br> ) <br> v.　　　　　　　　　　　　　　　) <br> ) <br> AMERICAN HOME ASSURANCE CO.　) <br> ) <br> 　　　Defendant.　　　　　　　　　) <br> _____) | **Civil Action No. 1:07-cv-810** <br><br> **Judge Royce C. Lamberth** |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant American Home Assurance Company ("AHAC") respectfully submits this Reply in support of its request that this Court dismiss the Complaint by Cherry Hill Construction, Inc., ("Cherry Hill") under Fed.R.Civ.P. 12(b)(6).

Cherry Hill alleges that China Construction America, Inc., ("CCA") owes Cherry Hill $547,123.60, plus interest, under the construction subcontract between them ("Subcontract"). Cherry Hill argues that it can pursue payment against CCA's surety, AHAC, because under the terms of AHAC's Payment Bond, AHAC is jointly and severally liable for CCA's obligations to Cherry Hill. But, AHAC's joint and several liability under the Payment Bond is dependant on: 1) the existence of an actual payment obligation to Cherry Hill; and 2) CCA's refusal to pay that obligation. *See In re M & T Elec. Contractors, Inc.*, 267 B.R. 434, 446 (Bkrtcy.D.Dist.Col. 2001) (holding that the surety's principal is the principal obligor liable to the obligee, with the surety obligated to pay only when the obligor fails timely to pay the obligee). Whether CCA has an obligation to pay Cherry Hill is subject to the terms of the underlying Subcontract. That Subcontract has its own dispute resolution mechanism, including for disputes in determining whether any payments are due and owing – the mediation/arbitration provision. (*See*

Subcontract § 6.1.1). If, at mediation/arbitration, Cherry Hill establishes that CCA has an obligation to pay Cherry Hill and CCA refuses to pay, then AHAC may be jointly and severally liable to for that sum owed.

If Cherry Hill could simply claim against the Payment Bond in any payment dispute with CCA, then the Subcontract's alternate dispute resolution provision would be meaningless. Such a result would be contrary to the court's precedent favoring enforcement of alternate dispute resolution provisions. *See, e.g., Bryson v. Gere,* 268 F.Supp.2d 46, 51 (D.D.C.2003) *citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Cherry Hill argues that it should be able to avoid the Subcontract's mediation/arbitration provision and sue AHAC separately without having to establish CCA's payment obligation. Cherry Hill cites *Park v. Didden* for the proposition that "persons whose liability is joint and several may be sued separately in federal court." 695 F.2d 626, 631 (D.C. Cir. 1982). But, that case is inapposite because it deals with the joint and several liability of joint lessees whose obligation to pay the debt of the other arose simultaneously out of their joint tenancy. *Id.* In this case, however, AHAC's liability for any obligation of CCA arises only upon CCA's refusal to pay for an established debt. *See In re M & T Elec. Contractors, Inc.*, 267 B.R. at 446.

Cherry Hill also argues that requiring it to resolve its payment dispute with CCA at mediation/arbitration might prevent Cherry Hill from pursuing the Payment Bond because the Payment Bond requires that claims be made within in one year of the debt arising. But, AHAC does not argue that Cherry Hill must *resolve* its payment dispute or complete the entire mediation/arbitration process required by the underlying construction contract before suit can be brought against the Payment Bond. Rather, Cherry Hill must only establish an existing duty to

2

pay. For instance, were CCA to refuse to pay an established obligation then the payment dispute would remain unresolved, but Cherry Hill could claim against the Payment Bond.

Finally, Cherry Hill ignores AHAC's argument that the mediation/arbitration to which Cherry Hill and CCA bound themselves in the Subcontract is the proper forum for those parties to resolve such questions as: 1) whether Cherry Hill has in fact fulfilled all its contractual obligations as required under § 12.1 of the Subcontract, 2) whether the payment Cherry Hill demands may have been properly withheld as retainage under § 15.3 of the Subcontract, and 3) whether the sum demanded by Cherry Hill is subject to any offsets or deductions.

For the foregoing reasons and the reasons contained in its Motion to Dismiss, AHAC respectfully requests that Cherry Hill's Complaint be dismissed. In the alternative, AHAC requests that this Court stay this case pending a determination of CCA's payment obligations under the alternate dispute resolution provisions of the underlying Subcontract.

Dated: June 22, 2007                    Respectfully submitted,

                                        HOLLAND & KNIGHT LLP

                                        By: ___/s/ Rafael E. Alfonzo___
                                        Philip T. Evans, Esq. #441735
                                        Rafael E. Alfonzo, Esq. #478524
                                        HOLLAND & KNIGHT LLP
                                        2099 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20006-6180
                                        Tel: (202) 955-3000
                                        Fax: (202) 955-5564

# 4620824_v1

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served this 22nd day of June, 2007 by first-class mail, postage prepaid, on:

>Joseph C. Kovars, Esq.
>Jay N. Bernstein, Esq.
>Ober, Kaler, Grimes & Shriver
>120 E. Baltimore Street
>Baltimore, MD  21202-1643

>/s/ Rafael E. Alfonzo
>Rafael E. Alfonzo